BROWN HARRIS II, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 11256-92
United States Tax Court
T.C. Memo 1995-9; 1995 Tax Ct. Memo LEXIS 9; 69 T.C.M. (CCH) 1633; January 11, 1995, Filed *9 Decision will be entered under Rule 155. Brown Harris II, pro se. For respondent: Robert M. Fowler. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6661
1982
$ 13,290
$ 2,572
$ 755
[1]
$ 3,323
1983
7,509
1,877
375
[1]
1,877
1989
742
--
--
--
--
All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. After mutual concessions, the issues remaining for decision are: (1) Whether petitioner is entitled to deductions for travel expenses for 1982 and 1983 in excess of the amounts allowed by respondent; (2) whether petitioner is entitled to a theft loss deduction for 1989; and (3) whether petitioner is liable for additions to tax pursuant to sections 6651(a), 6653(a), and 6661 for 1982 and 1983. FINDINGS OF FACT Some of the facts have been stipulated and *10 are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Kansas City, Missouri, at the time he filed his petition. Petitioner received a B.A. degree in history from the University of Missouri in 1970. He took no accounting or financial courses while in college. After graduating college, petitioner spent the next two decades in a succession of different jobs related to grain trading on the Kansas City Board of Trade. I. Travel Expenses
One of these jobs involved a joint venture that petitioner formed with the J.C. Nichols Company (Nichols), a real estate holding company, to attract overseas investment of U.S. dollars into American farmland and related items. Under the joint venture agreement, entered into in 1982, petitioner agreed to travel abroad, contact foreigners, and encourage them to invest in American farmland. In exchange, Nichols agreed to provide petitioner with approximately $ 8,000 per month for a 6-month period to cover petitioner's salary and expenses. Nichols actually made 11 payments to petitioner over a 13-month period, as follows: Date
Amount
07/06/82 $ 8,000 08/02/82 7,940
09/03/82 7,940
10/04/82 7,940
11/01/82 7,940
12/02/82 7,940
Total for 1982
$ 47,700
Date
Amount
03/03/83 $ 7,940 03/31/83 7,940
05/06/83 7,940
07/18/83 2,415
08/08/83 7,940
Total for 1983
$ 34,175
*11 The joint venture agreement required petitioner to submit periodic expense reports to Nichols. Petitioner in fact submitted cumulative expense reports at the end of September 1982 and March 1983. On August 8, 1983, upon issuing its final payment to petitioner, Nichols terminated its participation in the project. Petitioner testified that because he did not want the project to terminate at that time, he utilized his salary to continue the project after August 1983. By doing so, petitioner claims that he was able to extend the venture for approximately 7 additional months. Although petitioner submitted no formal reports to Nichols after March 1983, petitioner testified that he continued to provide informal reports to Nichols throughout the venture. On January 1, 1984, a flood destroyed all of petitioner's business records. Petitioner filed a delinquent 1982 Federal income tax return on March 17, 1988, and a delinquent 1983 Federal income tax return on November 19, 1987. Petitioner did not report the income he received from Nichols. In her statutory notice of deficiency, respondent determined that petitioner received business income of $ 47,700 for 1982 and $ 34,175 for 1983 *12 from Nichols. Respondent allowed petitioner deductions for $ 21,037 of business expenses that petitioner claimed in his March 1983 cumulative expense report summary to Nichols, but allocated 75 percent of such expenses ($ 15,778) to 1982, and 25 percent of the claimed expenses ($ 5,259) to 1983. In addition to these expenses, respondent conceded that petitioner adequately substantiated additional 1983 deductions of $ 325 for telephone answering expenses and $ 443 for secretarial expenses. II. Theft Loss
Petitioner's mother died on April 20, 1986. She left a will, dated April 8, 1986, naming petitioner as executor of her estate. The items left to petitioner under the will include a 14-karat gold ladies ring containing six 2-millimeter natural emeralds (emerald ring). On November 18, 1986, petitioner signed and filed in the Probate Division of the Circuit Court of Buchanan County, Missouri, an "Affidavit to Establish Title of Distributees to Property, Real and/or Personal, of a Value of Less than $ 15,000.00" (affidavit). The affidavit reported the emerald ring at a value of $ 500. On October 19, 1989, petitioner reported a burglary of his residence that occurred earlier *13 that day to the Kansas City, Missouri Police Department. The police report, filled out by the investigating police officer, lists two items as stolen. It lists as missing: (1) an emerald ring and (2) "12 8-inch silver plates with an H scroll" (silver). The emerald ring reported stolen on the police report is the same emerald ring reported on the affidavit. Petitioner testified that the police officer erred in describing the silver as "12 8-inch silver plates with an H scroll"; according to petitioner, the officer should have described the silver as an 83-piece silver dining set consisting of 12 place settings of silverware, 8 large serving plates, and various utensils. On the police report, under the heading "Estimated Value", the emerald ring is valued at $ 1,000, and the silver is valued at $ 1,000. Petitioner timely filed a 1989 Federal income tax return. On his 1989 Federal income tax return, petitioner claims a theft loss on the emerald ring and the silver. On the return, petitioner reported that the emerald ring had a basis of $ 5,000 and a fair market value of $ 7,500, and the silver had a basis and fair market value of $ 2,000. Petitioner never had either of these *14 items appraised. He testified that the values he placed on both items were "guesstimates", and that he did not really know the value of the items stolen. OPINION Issue 1. Travel Expenses
Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Such deductions include traveling expenses incurred while away from home in the pursuit of a trade or business. Sec. 162(a)(2). However, when expenses relating to travel are involved, section 274(d) provides that the expenses are not deductible: unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel * * * [and] (C) the business purpose of the expense * * *
To meet the adequate records requirement, the regulations provide that a taxpayer "shall maintain an account book, diary, statement of expense or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5(c)(2)(i), Income Tax Regs. *15 The elements to be established with respect to each travel expense are the amount of each expense, and the time, place, and business purpose of the travel. Sec. 1.274-5(b)(2), Income Tax Regs.
In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish such element by "his own statement, whether written or oral, containing specific information in detail as to such element", and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5(c)(3), Income Tax Regs.
Petitioner has no records to substantiate any of the disputed expenses. Accepting petitioner's testimony that his records were lost due to circumstances beyond his control, still he made no effort to reconstruct those records or to obtain any corroboration of his testimony. Compare sec. 1.274-5(c)(5), Income Tax Regs. Under these circumstances, section 274 precludes any deduction for these expenses. Accordingly, petitioner is entitled to deductions for travel expenses for 1982 and 1983 only in the amounts allowed by respondent. Issue 2. Theft Loss
Section 165(a) allows a deduction for any loss sustained due to theft during the taxable *16 year and not compensated by insurance or otherwise. The amount of the deduction is limited to the lesser of the fair market value of the property immediately before the theft or the taxpayer's basis in the property. See sec. 165(b); secs. 1.165-1(c), 1.165-7(a), 1.165-8(c), Income Tax Regs. The adjusted basis of property is determined primarily by the manner in which the property was acquired. The basis of property acquired by purchase is its cost. Sec. 1012. The basis of property acquired from a decedent is ordinarily its fair market value at the date of the decedent's death. Sec. 1014. Deductions, including theft loss deductions, are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to a section 165 theft loss deduction. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to carry this burden, the taxpayer must establish both the existence of a theft and the amount of the loss. Rule 142(a); Elliott v. Commissioner, 40 T.C. 304, 311 (1963). Respondent acknowledges that petitioner incurred a loss of property as a result of the theft. However, respondent *17 contends that petitioner is not entitled to a theft loss deduction because the aggregate value of the items stolen does not exceed $ 4,375, the required minimum amount before a deduction is allowable. [1]
Petitioner has not established that the adjusted basis of his lost items exceeds this amount. Petitioner admitted that he did not know the value of the items stolen. Petitioner's argument consisted of his "guesstimates" of valuations. He offered no grounds from which we could reasonably estimate accurate valuations. Thus, petitioner has failed to carry his burden of proof, and accordingly he is not entitled to a theft loss deduction for 1989. Issue 3. Additions to Tax
Section 6651(a) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition equals 5 percent of the tax required to be shown on the return for *18 the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. The burden of showing reasonable cause rests with petitioner. Rule 142(a). Petitioner did not present evidence to establish, or contend on brief, that there is reasonable cause for his failure to file returns for 1982 and 1983. Accordingly, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6651(a). Section 6653(a)(1) provides for an addition to tax of 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) imposes a further addition to tax equal to 50 percent of the interest due on the portion of the deficiency attributable to negligence. Negligence is the lack of due care, or the failure to do what a prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), *19 affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 937 (1985). Petitioner bears the burden of establishing that the negligence addition to tax does not apply. Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986), affg. T.C. Memo. 1984-264; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Enoch v. Commissioner, 57 T.C. 781, 802-803 (1972). Petitioner failed to present evidence or make argument regarding the negligence addition to tax. Accordingly, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6653(a)(1) and (2). Section 6661(a) provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Under section 6661(b)(1)(A), a substantial understatement is defined for individual taxpayers as the greater of $ 5,000 or 10 percent of the tax required to be shown on the return. The amount of the understatement is reduced by the *20 portion of the understatement attributable to the tax treatment of any item if there is or was substantial authority for the treatment, or if there was adequate disclosure of the relevant facts affecting treatment of the item in the return or a statement attached to it. Sec. 6661(b)(2)(B). The amounts of the deficiencies in petitioner's Federal income taxes for 1982 and 1983 meet the definition of a substantial understatement for this purpose. Petitioner presented no evidence or substantial authority to support his position. There was no adequate disclosure of the relevant facts regarding the deduction of the expenses, nor was there a statement attached to his return. Accordingly, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6661. To reflect the foregoing and concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 13,290 for 1982 and $ 7,509 for 1983.↩
1. The 10% limitation of $ 4,275, and the $ 100 deductible. See sec. 165(h).↩